IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| EILEEN "BUNNY" PROOF, | : | |
| *Plaintiff,* | : | |
| v. | : | Case No. 2:25-cv-04910-GAW |
| CANTALOUPE, INC., | : | |
| *Defendant.* | : | |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT
CANTALOUPE, INC. TO THE FIRST AMENDED COMPLAINT
OF PLAINTIFF EILEEN "BUNNY" PROOF**

Defendant Cantaloupe, Inc. ("Defendant" or "Cantaloupe"), by and through its

undersigned counsel, Fisher & Phillips LLP, hereby responds to the First Amended Complaint

filed by Plaintiff Eileen "Bunny" Proof (the "Amended Complaint"), and, in support thereof,

states the following:

## I.    INTRODUCTION[1]

The allegations in the Introduction are admitted in part and denied in part.  It is admitted

only that Plaintiff alleges that Cantaloupe discriminated against Plaintiff based on her sex

(female) and disability (including history of and regarded as) and retaliated against Plaintiff for

engaging in protected activity, seeking reasonable accommodations for her disability, and

exercising her right to FMLA-protected medical leave in violation of Title VII of the Civil Rights

Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. ("Title VII"), the Americans with

Disabilities Act, as amended, 42 U.S.C. §§ 12101, et seq. (the "ADA"), the Family and Medical

---

[1]    Cantaloupe utilizes the headings in the Amended Complaint for organizational purposes
only.  Any factual allegations included therein are denied.

1

Leave Act, as amended, 29 U.S.C. §§ 2601, et seq. (the "FMLA"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. §§ 951, et seq. (the "PHRA"), respectively, and seeks damages based on the same.  The remaining allegations in the Introduction are denied.  It is specifically denied that Plaintiff is entitled to any relief and that Cantaloupe violated Title VII, the ADA, the FMLA, or the PHRA.

## II.    **PARTIES**

1.      The allegations in this paragraph of Plaintiff's Amended Complaint are, on information and belief, admitted.

2.      The allegations in this paragraph of Plaintiff's Amended Complaint are, on information and belief, admitted.

3.      The allegations in this paragraph of Plaintiff's Amended Complaint are denied.

4.      The allegations in this paragraph of Plaintiff's Amended Complaint are admitted in part and denied in part.  It is admitted only that Defendant is a Pennsylvania corporation.  The remaining allegations in this paragraph of Plaintiff's Amended Complaint are denied.  By way of further answer, Defendant's principal place of business is located at 101 Lindenwood Drive, #405, Malvern, Pennsylvania, 19355.

5.      The allegations in this paragraph of Plaintiff's Amended Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any aspects of this paragraph of Plaintiff's Amended Complaint are deemed factual, they are denied.

6.      The allegations in this paragraph of Plaintiff's Amended Complaint are denied as stated.  By way of further answer, during her employment with Cantaloupe, Plaintiff reported to Cantaloupe's former office location, 100 Deerfield Lane, Suite 300, Malvern, Pennsylvania, 19355.

7.      The allegations in this paragraph of Plaintiff's Amended Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any aspects of this paragraph of Plaintiff's Amended Complaint are deemed factual, they are denied.

8.      The allegations in this paragraph of Plaintiff's Amended Complaint are admitted.

9.      The allegations in this paragraph of Plaintiff's Amended Complaint are denied.

10.      The allegations in this paragraph of Plaintiff's Amended Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any aspects of this paragraph of Plaintiff's Amended Complaint are deemed factual, they are denied.

11.      The allegations in this paragraph of Plaintiff's Amended Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any aspects of this paragraph of Plaintiff's Amended Complaint are deemed factual, they are denied.

## III.    JURISDICTION AND VENUE

12.      The allegations in this paragraph of Plaintiff's Amended Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any aspects of this paragraph of Plaintiff's Amended Complaint are deemed factual, they are denied.  It is specifically denied that Cantaloupe violated Title VII, the ADA, the FMLA, or the PHRA.

13.      The allegations in this paragraph of Plaintiff's Amended Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any aspects of this paragraph of Plaintiff's Amended Complaint are deemed factual, they are denied.

14.      The allegations in this paragraph of Plaintiff's Amended Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any aspects of this paragraph of Plaintiff's Amended Complaint are deemed factual, they are denied.

3

15.     The allegations in this paragraph of Plaintiff's Amended Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any aspects of this paragraph of Plaintiff's Amended Complaint are deemed factual, they are denied.

16.     The allegations in this paragraph of Plaintiff's Amended Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any aspects of this paragraph of Plaintiff's Amended Complaint are deemed factual, they are denied.

17.     The allegations in this paragraph of Plaintiff's Amended Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any aspects of this paragraph of Plaintiff's Amended Complaint are deemed factual, they are denied.

18.     The allegations in this paragraph of Plaintiff's Amended Complaint refer to a writing, which speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper and, therefore, any such allegations are expressly denied.  To the extent that any aspects of this paragraph of Plaintiff's Amended Complaint are deemed factual, they are denied.

19.     The allegations in this paragraph of Plaintiff's Amended Complaint refer to a writing, which speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper and, therefore, any such allegations are expressly denied.  To the extent that any aspects of this paragraph of Plaintiff's Amended Complaint are deemed factual, they are denied.

20.     The allegations in this paragraph of Plaintiff's Amended Complaint refer to a writing, which speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper and, therefore, any such allegations are expressly denied.  To the extent that any aspects of this paragraph of Plaintiff's Amended Complaint are deemed factual, they are denied.

21.     The allegations in this paragraph of Plaintiff's Amended Complaint are denied.

## IV.    FACTUAL ALLEGATIONS

22.    The allegations in this paragraph of Plaintiff's Amended Complaint are unintelligible and denied as stated.  By way of further answer, Plaintiff was hired by Defendant on or about June 12, 2010.

23.    The allegations in this paragraph of Plaintiff's Amended Complaint are denied.

24.    The allegations in this paragraph of Plaintiff's Amended Complaint are denied.

25.    The allegations in this paragraph of Plaintiff's Amended Complaint are admitted.

26.    The allegations in this paragraph of Plaintiff's Amended Complaint are admitted.

27.    The allegations in this paragraph of Plaintiff's Amended Complaint are admitted.

28.    The allegations in this paragraph of Plaintiff's Amended Complaint are denied as stated.  By way of further answer, Plaintiff reported to Mr. Dumbrell in September of 2022 and Mr. Dumbrell, in turn, reported to Mr. Venkatesan.

29.    The allegations in this paragraph of Plaintiff's Amended Complaint are admitted.

30.    The allegations in this paragraph of Plaintiff's Amended Complaint are admitted.

31.    The allegations in this paragraph of Plaintiff's Amended Complaint are denied.

32.    Defendant, after reasonable investigation, is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of Plaintiff's Amended Complaint and denies them for that reason.

33.    Defendant, after reasonable investigation, is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of Plaintiff's Amended Complaint and denies them for that reason.

34.    The allegations in this paragraph of Plaintiff's Amended Complaint are admitted.

35.    The allegations in this paragraph of Plaintiff's Amended Complaint are denied.

36.    The allegations in this paragraph of Plaintiff's Amended Complaint are denied.

37.    The allegations in this paragraph of Plaintiff's Amended Complaint are denied.

38.    Defendant, after reasonable investigation, is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of Plaintiff's Amended Complaint and denies them for that reason.

39.    The allegations in this paragraph of Plaintiff's Amended Complaint are admitted.

40.    The allegations in this paragraph of Plaintiff's Amended Complaint are admitted.

41.    The allegations in this paragraph of Plaintiff's Amended Complaint refer to a writing, which speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper and, therefore, any such allegations are expressly denied.  To the extent that any aspects of this paragraph of Plaintiff's Amended Complaint are deemed factual, they are denied.

42.    The allegations in this paragraph of Plaintiff's Amended Complaint are admitted.

43.    Defendant, after reasonable investigation, is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of Plaintiff's Amended Complaint and denies them for that reason.

44.    Defendant, after reasonable investigation, is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of Plaintiff's Amended Complaint and denies them for that reason.

45.    The allegations in this paragraph of Plaintiff's Amended Complaint are denied as stated.  By way of further answer, Plaintiff informed Cantaloupe that she was undergoing treatments.

46.     Defendant, after reasonable investigation, is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of Plaintiff's Amended Complaint and denies them for that reason.

47.     The allegations in this paragraph of Plaintiff's Amended Complaint are admitted.

48.     Defendant, after reasonable investigation, is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of Plaintiff's Amended Complaint and denies them for that reason.

49.     Defendant, after reasonable investigation, is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of Plaintiff's Amended Complaint and denies them for that reason.

50.     The allegations in this paragraph of Plaintiff's Amended Complaint refer to a writing, which speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper and, therefore, any such allegations are expressly denied.  To the extent that any aspects of this paragraph of Plaintiff's Amended Complaint are deemed factual, they are denied.

51.     The allegations in this paragraph of Plaintiff's Amended Complaint are admitted in part and denied in part.  It is admitted only that, in or about June 2023, there was a meeting between Plaintiff and Ms. Braniecki involving a discussion of Ms. Galang's email to Human Resources.  The remaining allegations in this paragraph of Plaintiff's Amended Complaint are denied.  By way of further answer, during this meeting, Plaintiff indicated to Ms. Braniecki that she understood why Ms. Galang's email to Human Resources was not indicative of sex discrimination and agreed to communicate this to Ms. Galang, Plaintiff's direct report.

52.     The allegations in this paragraph of Plaintiff's Amended Complaint are admitted in part and denied in part.  It is admitted only that in or about July 2023, there was a meeting

between Plaintiff, Mr. Dumbrell, and Ms. Braniecki.  The remaining allegations in this paragraph of Plaintiff's Amended Complaint are denied.

53.    The allegations in this paragraph of Plaintiff's Amended Complaint are denied.

54.    The allegations in this paragraph of Plaintiff's Amended Complaint are denied as stated.

55.    The allegations in this paragraph of Plaintiff's Amended Complaint are denied.

56.    The allegations in this paragraph of Plaintiff's Amended Complaint are admitted in part and denied in part.  It is admitted only that, beginning August 31, 2023, Plaintiff went out on an approved leave of absence.  Cantaloupe, after reasonable investigation, is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of Plaintiff's Amended Complaint and denies them for that reason.

57.    The allegations in this paragraph of Plaintiff's Amended Complaint are admitted in part and denied in part.  It is admitted only that Plaintiff was out of work on a leave of absence from August 31, 2023 through October 26, 2023.  The remaining allegations in this paragraph of Plaintiff's Amended Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any remaining aspects of this paragraph of Plaintiff's Amended Complaint are deemed factual, they are denied.

58.    The allegations in this paragraph of Plaintiff's Amended Complaint refer to a writing, which speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper and, therefore, any such allegations are expressly denied.  To the extent that any aspects of this paragraph of Plaintiff's Amended Complaint are deemed factual, they are denied.

59.    The allegations in this paragraph of Plaintiff's Amended Complaint refer to a writing, which speaks for itself, and any attempt to paraphrase or mischaracterize its terms is

8

improper and, therefore, any such allegations are expressly denied. To the extent that any aspects of this paragraph of Plaintiff's Amended Complaint are deemed factual, they are denied.

60. The allegations in this paragraph of Plaintiff's Amended Complaint refer to a writing, which speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper and, therefore, any such allegations are expressly denied. To the extent that any aspects of this paragraph of Plaintiff's Amended Complaint are deemed factual, they are denied.

61. The allegations in this paragraph of Plaintiff's Amended Complaint are admitted in part and denied in part. It is admitted only that on or about October 26, 2023, Plaintiff returned to work from a leave of absence. The remaining allegations in this paragraph of Plaintiff's Amended Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that any remaining aspects of this paragraph of Plaintiff's Amended Complaint are deemed factual, they are denied.

62. The allegations in this paragraph of Plaintiff's Amended Complaint are admitted.

63. The allegations in this paragraph of Plaintiff's Amended Complaint refer to a writing, which speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper and, therefore, any such allegations are expressly denied. To the extent that any aspects of this paragraph of Plaintiff's Amended Complaint are deemed factual, they are denied.

64. The allegations in this paragraph of Plaintiff's Amended Complaint are denied.

65. The allegations in this paragraph of Plaintiff's Amended Complaint are denied.

66. The allegations in this paragraph of Plaintiff's Amended Complaint are denied.

67. The allegations in this paragraph of Plaintiff's Amended Complaint are denied.

68.     Defendant, after reasonable investigation, is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of Plaintiff's Amended Complaint and denies them for that reason.

69.     The allegations in this paragraph of Plaintiff's Amended Complaint, subparagraphs (a) through (h) inclusive, are denied.  It is specifically denied that Cantaloupe violated Title VII, the ADA, the FMLA, or the PHRA in any way.

70.     The allegations in this paragraph of Plaintiff's Amended Complaint are admitted.

71.     The allegations in this paragraph of Plaintiff's Amended Complaint are, on information and belief, admitted.

72.     The allegations in this paragraph of Plaintiff's Amended Complaint are admitted.

73.     The allegations in this paragraph of Plaintiff's Amended Complaint are admitted.

74.     The allegations in this paragraph of Plaintiff's Amended Complaint are denied.

75.     The allegations in this paragraph of Plaintiff's Amended Complaint, subparagraphs (a) through (f) inclusive, are admitted in part and denied in part.  It is admitted only that Plaintiff and the individuals listed in sub-paragraphs (a) through (d) and (f) reported directly to Mr. Dumbrell at the time Plaintiff's employment was terminated.  The remaining allegations in this paragraph of Plaintiff's Amended Complaint are denied.  By way of further answer, the listed individuals were not members of the Inside Sales Team.  In addition, Derek Thomas did not report to Mr. Dumbrell at the time of Plaintiff's termination of employment, but, rather, he reported to Terry Hovis.

76.     The allegations in this paragraph of Plaintiff's Amended Complaint are denied.

77.     The allegations in this paragraph of Plaintiff's Amended Complaint are admitted.

10

78. The allegations in this paragraph of Plaintiff's Amended Complaint are denied as stated. By way of further answer, Elyssa Steiner (female), the Chief Marketing Officer, maintained the equivalent of a Senior Vice President role and reported directly to Mr. Dumbrell.

79. The allegations in this paragraph of Plaintiff's Amended Complaint are denied. By way of further answer, certain allegations in this paragraph of the Amended Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that any aspects of this paragraph of Plaintiff's Amended Complaint are deemed factual, they are denied.

80. The allegations in this paragraph of Plaintiff's Amended Complaint are denied. By way of further answer, certain allegations in this paragraph of the Amended Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that any aspects of this paragraph of Plaintiff's Amended Complaint are deemed factual, they are denied.

81. The allegations in this paragraph of Plaintiff's Amended Complaint are denied. By way of further answer, certain allegations in this paragraph of the Amended Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that any aspects of this paragraph of Plaintiff's Amended Complaint are deemed factual, they are denied.

82. The allegations in this paragraph of Plaintiff's Amended Complaint are denied. By way of further answer, certain allegations in this paragraph of the Amended Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that any aspects of this paragraph of Plaintiff's Amended Complaint are deemed factual, they are denied.

83. The allegations in this paragraph of Plaintiff's Amended Complaint, subparagraphs (a) through (g), are admitted. By way of further answer, other positions outside of the Inside Sales Team were terminated as part of Cantaloupe's business restructuring.

84. The allegations in this paragraph of Plaintiff's Amended Complaint are denied.

85.     The allegations in this paragraph of Plaintiff's Amended Complaint are denied. By way of further answer, Plaintiff was free to pursue any other vacant position at Cantaloupe for which she was qualified.

86.     The allegations in this paragraph of Plaintiff's Amended Complaint are denied.

87.     The allegations in this paragraph of Plaintiff's Amended Complaint are denied.

88.     The allegations in this paragraph of Plaintiff's Amended Complaint are denied.

89.     The allegations in this paragraph of Plaintiff's Amended Complaint are denied.

90.     The allegations in this paragraph of Plaintiff's Amended Complaint are denied.

91.     The allegations in this paragraph of Plaintiff's Amended Complaint are denied.

92.     The allegations in this paragraph of Plaintiff's Amended Complaint are denied. By way of further answer, the allegations in this paragraph of Plaintiff's Amended Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any aspects of this paragraph of Plaintiff's Amended Complaint are deemed factual, they are denied. It is specifically denied that Cantaloupe violated Title VII, the ADA, the FMLA, or the PHRA in any way.

93.     The allegations in this paragraph of Plaintiff's Amended Complaint are denied.

94.     The allegations in this paragraph of Plaintiff's Amended Complaint are denied. By way of further answer, the allegations in this paragraph of Plaintiff's Amended Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any aspects of this paragraph of Plaintiff's Amended Complaint are deemed factual, they are denied. It is specifically denied that Cantaloupe violated Title VII, the ADA, the FMLA, or the PHRA in any way.

95.     The allegations in this paragraph of Plaintiff's Amended Complaint are denied.

## <u>COUNT I – TITLE VII – DENIED</u>

96.     The foregoing paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

97.     The allegations in this paragraph of Plaintiff's Amended Complaint are denied. By way of further answer, the allegations in this paragraph of Plaintiff's Amended Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any aspects of this paragraph of Plaintiff's Amended Complaint are deemed factual, they are denied.

98.     The allegations in this paragraph of Plaintiff's Amended Complaint are denied. By way of further answer, the allegations in this paragraph of Plaintiff's Amended Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any aspects of this paragraph of Plaintiff's Amended Complaint are deemed factual, they are denied.

99.     The allegations in this paragraph of Plaintiff's Amended Complaint are denied. By way of further answer, the allegations in this paragraph of Plaintiff's Amended Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any aspects of this paragraph of Plaintiff's Amended Complaint are deemed factual, they are denied.

100.     The allegations in this paragraph of Plaintiff's Amended Complaint are denied. By way of further answer, the allegations in this paragraph of Plaintiff's Amended Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any aspects of this paragraph of Plaintiff's Amended Complaint are deemed factual, they are denied.

101.     The allegations in this paragraph of Plaintiff's Amended Complaint are denied.

## COUNT II – ADA – DENIED

102.    The foregoing paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

103.    The allegations in this paragraph of Plaintiff's Amended Complaint are denied. By way of further answer, the allegations in this paragraph of Plaintiff's Amended Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any aspects of this paragraph of Plaintiff's Amended Complaint are deemed factual, they are denied.

104.    The allegations in this paragraph of Plaintiff's Amended Complaint are denied. By way of further answer, the allegations in this paragraph of Plaintiff's Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any aspects of this paragraph of Plaintiff's Amended Complaint are deemed factual, they are denied.

105.    The allegations in this paragraph of Plaintiff's Amended Complaint are denied. By way of further answer, the allegations in this paragraph of Plaintiff's Amended Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any aspects of this paragraph of Plaintiff's Amended Complaint are deemed factual, they are denied.

106.    The allegations in this paragraph of Plaintiff's Amended Complaint are denied. By way of further answer, the allegations in this paragraph of Plaintiff's Amended Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any aspects of this paragraph of Plaintiff's Amended Complaint are deemed factual, they are denied.

107.    The allegations in this paragraph of Plaintiff's Amended Complaint are denied.

## COUNT III – FMLA – DENIED

108.    The foregoing paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

109.    The allegations in this paragraph of Plaintiff's Amended Complaint are denied. By way of further answer, the allegations in this paragraph of Plaintiff's Amended Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any aspects of this paragraph of Plaintiff's Amended Complaint are deemed factual, they are denied.

110.    The allegations in this paragraph of Plaintiff's Amended Complaint are denied. By way of further answer, the allegations in this paragraph of Plaintiff's Amended Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any aspects of this paragraph of Plaintiff's Amended Complaint are deemed factual, they are denied.

111.    The allegations in this paragraph of Plaintiff's Amended Complaint are denied. By way of further answer, the allegations in this paragraph of Plaintiff's Amended Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any aspects of this paragraph of Plaintiff's Amended Complaint are deemed factual, they are denied.

112.    The allegations in this paragraph of Plaintiff's Amended Complaint are denied. By way of further answer, the allegations in this paragraph of Plaintiff's Amended Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any aspects of this paragraph of Plaintiff's Amended Complaint are deemed factual, they are denied.

113.    The allegations in this paragraph of Plaintiff's Amended Complaint are denied. By way of further answer, the allegations in this paragraph of Plaintiff's Amended Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that any aspects of this paragraph of Plaintiff's Amended Complaint are deemed factual, they are denied.

114.    The allegations in this paragraph of Plaintiff's Amended Complaint are denied.

**COUNT IV – PHRA – DENIED**

115. The foregoing paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

116. The allegations in this paragraph of Plaintiff's Amended Complaint are denied. By way of further answer, the allegations in this paragraph of Plaintiff's Amended Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that any aspects of this paragraph of Plaintiff's Amended Complaint are deemed factual, they are denied.

117. The allegations in this paragraph of Plaintiff's Amended Complaint are denied. By way of further answer, the allegations in this paragraph of Plaintiff's Amended Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that any aspects of this paragraph of Plaintiff's Amended Complaint are deemed factual, they are denied.

118. The allegations in this paragraph of Plaintiff's Amended Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that any aspects of this paragraph of Plaintiff's Amended Complaint are deemed factual, they are denied. It is specifically denied that Cantaloupe violated the PHRA in any way.

119. The allegations in this paragraph of Plaintiff's Amended Complaint are denied.

**RELIEF**

**WHEREFORE**, Cantaloupe denies each and every allegation in Plaintiff's "WHEREFORE" clause, sub-clauses (a) through (m) inclusive, and respectfully requests that the Court enter judgment in favor of Cantaloupe and against Plaintiff, dismissing the Amended

Complaint with prejudice, and awarding Cantaloupe attorneys' fees and costs and such other relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

In further answering Plaintiff's Amended Complaint, Cantaloupe hereby asserts the following defenses:

## FIRST DEFENSE

Plaintiff's Amended Complaint fails to state a claim on which relief may be granted.

## SECOND DEFENSE

Plaintiff's claims and requested relief may be barred, in whole or in part, by application of the doctrine of unclean hands and applicable statute of limitations.

## THIRD DEFENSE

Any loss or damages Plaintiff allegedly sustained were caused by Plaintiff's acts and/or omissions.

## FOURTH DEFENSE

At all times concerning this litigation, Cantaloupe acted in accordance with all applicable federal, state, and local laws, including, without limitation, Title VII, the ADA, the FMLA, and the PHRA.

## FIFTH DEFENSE

Plaintiff's alleged damages are too speculative to form a basis of recovery.

## SIXTH DEFENSE

Any violation of applicable law was not willful.

## SEVENTH DEFENSE

Plaintiff's claims for relief are barred, in whole or in part, to the extent that she has failed, and continues to fail, to mitigate any of her alleged damages.

## EIGHTH DEFENSE

Cantaloupe has acted in good faith, and has not acted willfully, deliberately, intentionally, outrageously, or with an extreme indifference to Plaintiff's rights and, thus, Plaintiff is not entitled to all of some of the damages sought in Plaintiff's Amended Complaint.

## NINTH DEFENSE

Plaintiff has not suffered any cognizable damage or injury under federal law or under the laws of the Commonwealth of Pennsylvania.

## TENTH DEFENSE

Plaintiff is not entitled to compensatory, punitive, or liquidated damages.

## ELEVENTH DEFENSE

No act or conduct by Cantaloupe caused any alleged injury, damage, or loss to Plaintiff.

## TWELFTH DEFENSE

Plaintiff's claims are not actionable because each and every one of Cantaloupe's decisions were job-related and justified by legitimate, non-discriminatory, non-retaliatory, and non-pretextual business reasons.

## THIRTEENTH DEFENSE

Cantaloupe and its agents acted reasonably and in good faith at all times material to this action based on all relevant facts and circumstances known by them at the time they so acted. Accordingly, Plaintiff is barred from any recovery in this action.

## FOURTEENTH DEFENSE

Cantaloupe's actions were based on job-related requirements and consistent with business necessity.

## FIFTEENTH DEFENSE

Plaintiff failed to exhaust her administrative remedies.

## SIXTEENTH DEFENSE

To the extent Plaintiff, as Ms. Galang's supervisor, failed to escalate and report Ms. Galang's claim(s) of alleged sex discrimination, Plaintiff is liable.

## SEVENTEENTH DEFENSE

Cantaloupe maintains and enforces policies that prohibit unlawful discrimination, harassment, and retaliation, and provides a mechanism by which employees may seek redress where unlawful discrimination, harassment, or retaliation is alleged.

## EIGHTEENTH DEFENSE

Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Cantaloupe or to avoid harm otherwise.

## NINETEENTH DEFENSE

Cantaloupe exercised reasonable care to prevent and promptly correct any harassing, hostile, or discriminatory behavior.

## TWENTITH DEFENSE

No reasonable person would, should, or could believe that Cantaloupe's alleged conduct toward Plaintiff was severe or pervasive enough to constitute a hostile work environment.

## TWENTY-FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent any alleged unlawful conduct by any employee or agent of Defendant was outside the scope of that employee's or agent's employment or agency.  Defendant did not ratify any such unlawful conduct, and Defendant cannot be held vicariously liable for such purported conduct.

Cantaloupe intends to rely on or assert such other defenses that may become apparent or available during discovery, and Cantaloupe expressly reserves its right to amend this Answer to assert any and all such defenses.

**WHEREFORE**, Defendant Cantaloupe, Inc. respectfully requests that the Court dismiss Plaintiff's Amended Complaint with prejudice and award Cantaloupe attorneys' fees and costs and such other relief as the Court deems just and proper.

Respectfully submitted,

**FISHER & PHILLIPS LLP**

Date:   February 4, 2026          By:   _/s/ Michael R. Galey_____
Michael R. Galey, Esquire
Kelsey E. Schiappacasse, Esquire
Christopher J. Merken, Esquire
Two Logan Square
100 North 18th Street, 12th Floor
Philadelphia, PA 19103
T:  (610) 230-2150
F:  (610) 230-2151
mgaley@fisherphillips.com
kschiappacasse@fisherphillips.com
cmerken@fisherphillips.com

*Attorneys for Defendant Cantaloupe, Inc.*

## CERTIFICATE OF SERVICE

I, Michael R. Galey, Esquire, hereby certify that on February 4, 2026, I caused a true and correct copy of the foregoing Answer and Affirmative Defenses of Defendant Cantaloupe, Inc. to the First Amended Complaint of Plaintiff Eileen "Bunny" Proof to be electronically filed with the Clerk of Court using the Court's CM/ECF system, which is available for viewing and downloading from the Court's CM/ECF system, and was served on the following counsel of record through the Court's CM/ECF system:

> Kevin C. Console, Esquire
> Holly W. Smith, Esquire
> CONSOLE MATTIACCI LAW, LLC
> 1525 Locust Street, 9th Floor
> Philadelphia, PA 19102
> T: (215) 545-7676
> kevinconsole@consolelaw.com
> hollysmith@consolelaw.com
>
> *Counsel for Plaintiff*

> */s/ Michael R. Galey*
> Michael R. Galey, Esquire

21